NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BERNARD ANDREW ROTHMAN,<br><br>    Appellant,<br><br>v.<br><br>WELLS FARGO, N.A.,<br><br>    Appellee. | Civil No. 19-16039 (RBK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

  This matter comes before the Court upon the appeal of Bernard Andrew Rothman ("Rothman" or "Appellant"). Rothman appeals the bankruptcy court's July 24, 2019 Order granting Appellee Wells Fargo's motion for relief from the automatic stay. For the reasons expressed below, the bankruptcy court's Order is **AFFIRMED**.

**I. BACKGROUND**

  On July 20, 2006, Rothman took out a loan from Superior Mortgage Corporation; this loan was secured by a mortgage on Rothman's property located at 2823 Schooner Lane ("the Property"). (Doc. 9 ("Opp. Br.") at 5.) The loan and mortgage were later assigned to Wells Fargo. (*Id*. at 6.) Beginning in 2016, Rothman struggled to make payments on the loan, and consequently entered into several loan modification agreements with Wells Fargo. (*Id*.)

  On March 25, 2019, Rothman filed a petition for relief under chapter 13 of the Bankruptcy Code. (Doc. 6 ("App. Br.") at 33.) On April 26, 2019, he voluntarily converted his case to chapter

1

7. (*Id.* at 6–7.) On April 29, 2019, the chapter 7 trustee sent a notice to creditors advising them that no assets were available, and instructing creditors to not file a proof of claim unless later requested. (*Id.* at 36; Opp. Br. at 6.)

On June 24, 2019, Wells Fargo filed a motion to vacate the automatic stay so that it could proceed with its state foreclosure action. (Opp. Br. at 7.) On July 9, 2019, Rothman filed an adversary proceeding against Wells Fargo, arguing that it had improperly failed to file a proof of claim, and accusing it of filing baseless pleadings in his bankruptcy case. (*Id;* App. Br. at 30.)

On July 23, 2019, the bankruptcy court held a hearing on Wells Fargo's motion, over which Judge Altenburg presided. (Doc. 9-1.) Finding that Wells Fargo had shown it was entitled to relief, Judge Altenburg stated on the record at the hearing that he would grant Wells Fargo's motion. (Doc. 9-1 at 10.) On July 24, 2019, the bankruptcy court accordingly entered an order, signed by Judge Poslusny, granting Wells Fargo's motion for stay relief. (App. Br. at 3.) Rothman initiated this appeal of the Order on August 2, 2019.

While this appeal was pending, Rothman filed a motion in his bankruptcy case seeking a stay pending appeal. (Doc. 9-2 at 4.) On August 27, 2019, Judge Poslusny presided over a hearing on Rothman's motion to stay pending appeal. (*Id.*) After finding that Rothman had not shown a likelihood of success on the merits, Judge Poslusny denied the motion to stay. (Doc. 9-2 at 24.)

## II.   LEGAL STANDARD

This Court has jurisdiction over final judgments and orders of the bankruptcy court pursuant to 28 U.S.C. § 158. A district court applies a clearly erroneous standard to the bankruptcy judge's findings of fact and reviews the bankruptcy judge's legal conclusions *de novo*. *See* Fed. R. Bankr. P. 8013; *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d. Cir. 1989). A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite

and firm conviction that a mistake has been committed," even if there is evidence to support the finding. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district court reviews the bankruptcy court's "exercise of discretion for abuse thereof." *Manus Corp. v. NRG Energy, Inc.*, (*In re O'Brien Envtl. Energy, Inc.*), 188 F.3d 116, 122 (3d. Cir. 1999). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *Id*.

### III. DISCUSSION[1]

In his appeal, Rothman argues that the bankruptcy court committed multiple errors in granting Wells Fargo's motion for stay relief. The Court addresses each argument separately below.

**1. Whether the bankruptcy court erred in determining that Wells Fargo had standing to seek relief from the stay**

Rothman first argues that Wells Fargo lacked standing to bring its motion for stay relief because it did not file a proof of claim. (App. Br. at 3.) In response, Wells Fargo states that it did not file a proof of claim because it was acting in accordance with the Trustee's April 29, 2019 instruction to creditors, and that the bankruptcy court properly found that it had standing to seek stay relief. (Opp. Br. at 9–10.)

In a bankruptcy proceeding, a party may establish standing by demonstrating that it is a "party in interest" in the case. *In re Genrette*, 797 F. App'x 739, 740 (3d Cir. 2020) (noting that "a

---

[1] Although cognizant that Rothman proceeds *pro se*, the Court finds it necessary to address the state of the briefing before it. Without any explanation, Rothman has filed four separate appellate briefs and titled them "brief 1 – 4," although they appear identical. Thus, when discussing the parties' arguments, the Court cites only to Rothman's first brief (Doc. 6). The content of the appellate brief is largely unintelligible, launches personal attacks on opposing counsel, and accuses the federal bankruptcy court and New Jersey state court system of bias and illegality. Further, he fails to cite to any legal support, asserting that "the Appellant-Plaintiff cannot state Case Law – he leaves the matter of Case Law to this Court." (App. Br. at 38.) Given this backdrop, the Court has made significant attempts to articulate exactly what Rothman argues on appeal, but refrains from substantively addressing the arguments that do nothing more than personally attack opposing counsel.

3

'party in interest' is eligible for relief from a stay," and "[t]he holder of the note and mortgage may be a party in interest") (citing 11 U.S.C. § 362(d)). "In the context of a motion for relief from the automatic stay to enforce a creditor's rights under a mortgage, courts have recognized that to have the 'legally protected interest' that makes a party a 'party in interest,' the movant must be the party that has authority to enforce the mortgage under applicable nonbankruptcy law." *In re Alcide*, 450 B.R. 526, 536 (Bankr. E.D. Pa. 2011). The Court thus looks to New Jersey law, under which a party seeking to enforce a mortgage "must own or control the underlying debt." *Deutsche Bank Nat. Tr. Co. v. Mitchell*, 27 A.3d 1229, 1234–35 (N.J. Super. App. Div. 2011) (citing *Wells Fargo Bank, N.A. v. Ford*, 15 A.3d 327 (N.J. Super. App. Div. 2011)).

Here, the parties do not dispute that Wells Fargo was owner of the mortgage debt when it sought relief from the automatic stay. Thus—as the bankruptcy court accurately determined—as the owner and holder of the mortgage, Wells Fargo was a "party in interest," and therefore had standing to bring the motion for stay relief. *Alcide*, 450 B.R. at 536.

**2. Whether the bankruptcy court erred in granting Wells Fargo relief from the automatic stay**

Rothman next argues that the bankruptcy court erred when it granted Wells Fargo's motion for relief from the automatic stay, claiming that his pending adversary proceeding against Wells Fargo should have prevented the court from granting the stay. (App. Br. at 3.) In response, Wells Fargo argues that a pending adversary proceeding does not prevent a court from granting stay relief. It asserts that the bankruptcy court properly granted relief from the automatic stay because: (1) Wells Fargo's interest in the Property was not adequately protected, since Rothman had not

made any payment on the mortgage for a year; and (2) Rothman had no equity in the Property, and it was not necessary to an effective reorganization in Rothman's chapter 7 case. (Opp. Br. at 9.)

Rothman's argument—that the mere existence of a pending adversary proceeding prevents a bankruptcy court from granting stay relief—is incorrect. A bankruptcy court may properly grant a motion for stay relief even where a pending adversary proceeding exists. *See In re Edwards*, 454 B.R. 100, 107 (B.A.P. 9th Cir. 2011) (Stating that a "bankruptcy court generally has broad discretion in granting relief from stay . . . in spite of whether the debtor has initiated a related adversary proceeding") (collecting cases).

The Court also finds that the bankruptcy court correctly decided the merits of Wells Fargo's motion for stay relief.[2] Section 362(d) provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . .
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary to an effective reorganization

11 U.S.C.A. § 362(d). "It is well established that evidence of a debtor's post-petition default in mortgage payments meets a mortgagee's initial burden of production in establishing 'cause' for relief." *In re Donaghy*, BR No. 18-15459, 2019 WL 1504334, at *3 (Bankr. E.D. Pa. Apr. 4, 2019) (collecting cases).

Here, Rothman has failed to make any post-petition mortgage payments. (Doc. 9-1 at 9.) As such, there is "cause" for relief under § 362(d)(1). *See In re Donaghy*, BR No. 18-15459, 2019

---

[2] The Court notes that Rothman does not appear to challenge the merits of Wells Fargo's motion for stay relief. Indeed, the closest he comes to doing so is his conclusory argument that Wells Fargo's opposition brief is "merely an opinion statement" and that its "pleadings are meritless." (Doc. 10 ("Reply Br.") at 3–4.) However, because Rothman's brief is unclear, the Court nonetheless addresses the merits of stay relief.

WL 1504334, at *6 (Bankr. E.D. Pa. Apr. 4, 2019) (granting stay relief after finding that cause existed because the debtor failed to make post-petition mortgage payments). Further, a stay is appropriate under § 362(d)(2), as Rothman holds no equity in the Property, and the Property is not necessary for a reorganization because the bankruptcy was converted to chapter 7.[3] *See generally In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 206 (3d Cir. 1995). Thus, as the bankruptcy court accurately determined, Wells Fargo is entitled to stay relief under § 362(d).

### 3. Whether the bankruptcy court hearing and order were valid

Finally, Rothman disputes the validity of the hearing during which Wells Fargo's motion was heard, as well as the order entered following the hearing. (App. Br. at 11.) First, he argues that Judge Altenburg was not permitted to conduct a hearing on Wells Fargo's motion for stay relief because Judge Poslusny was assigned to the case. (*Id.*) In response, Wells Fargo argues that it is not uncommon for another bankruptcy judge to step in if the assigned judge is temporarily unavailable. (Opp. Br. at 10.) Wells Fargo argues further that Judge Poslusny would have granted its motion had he presided over the hearing, noting that Judge Poslusny found at the August 2019 hearing that Rothman could not show a likelihood of success on the merits on appeal. (*Id.*)

As Judge Poslusny stated at the August 2019 hearing, "judges routinely hear specific matters for other judges when the judge assigned to the case is unavailable." (Doc. 9-2 at 24.) Rothman's argument that this constitutes error is entirely meritless. *See, e.g. Marriott Senior Living Servs. v. Springfield Twp.*, Civ. No. 97-3660, 1997 WL 734015, at *1 (E.D. Pa. 1997) (explaining that, if the assigned judge is unavailable, another judge may preside).

Rothman next argues that the bankruptcy court's July 25, 2019 Order, which granted Wells Fargo relief from the automatic stay, was invalid because it was signed by Judge Poslusny, rather

---

[3] At the time of Wells Fargo's motion, the unpaid principal balance of the loan was $414,032.25, while the fair market value of the Property was $246,132.00. (Opp. Br. at 7; Doc. 9-2 at 23.)

6

than Judge Altenburg, who presided over the hearing. Wells Fargo contends that this was a simple clerical error that can be corrected pursuant to Federal Rule of Bankruptcy Procedure 9024, and that this error thus does not invalidate the Order.

Federal Rule of Bankruptcy Procedure 9024 states that Federal Rule of Civil Procedure 60 applies in bankruptcy cases. Rule 60 provides in relevant part:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

"The Third Circuit has explained that the rule is limited to the correction of 'clerical mistakes'; it encompasses only errors mechanical in nature, apparent on the record, and not involving an error of substantive judgment." *Days Inns Worldwide, Inc. v. JPM, Inc.*, Civ. No. 13-3017, 2015 WL 5474882, at *3 (D.N.J. Sept. 15, 2015) (citing *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129–30 (3d Cir. 2005); *see also In re McClellan*, 459 B.R. 371, 373 (Bankr. E.D. Wis. 2011) ("The bankruptcy court is entitled to modify an order under Rule 60(a) if the error was mechanical in nature rather than the result of a deliberate choice and the modification reflects the intent of the bankruptcy court at the time of the hearing.") (citing 11 C. Wright & Miller, Federal Practice and Procedure § 2854 at 441 (2d ed. 1995, Supp. 2011)).

The signature error present here was, as Judge Poslusny stated during the August 2019 hearing, a purely "ministerial mistake," and falls squarely within the ambit of Rule 60(a). (Doc. 9-2 at 12.) It is unmistakable from the record of the July 23, 2019 hearing that Judge Altenburg intended to enter an order granting Wells Fargo's motion from stay relief. (Doc. 9-1 at 10.) The order entered the very next day—which exactly mirrored Judge Altenburg's decision at the

hearing—was instead signed by Judge Poslusny. This clerical mistake is "apparent on the record, and not involving an error of substantive judgment"; thus, upon the conclusion of this appeal, the bankruptcy court may correct this error on its own motion. *Days Inns Worldwide, Inc.*, 2015 WL 5474882, at *3. The Court declines to vacate the Order on this ground.

## IV. CONCLUSION

For the above reasons, Rothman's appeal is DENIED, and the bankruptcy court's July 24, 2019 Order is AFFIRMED. An accompanying Order shall issue.


Dated:    5/24/2020                                           s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United State District Judge